**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MICHAEL JONATHAN CARLSON,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:06-CV-217-A** |
| | § | |
| **DOUGLAS DRETKE, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** | § | |
| **DIVISION,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner Michael Jonathan Carlson, TDCJ-ID #328076, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

In 1981, Carlson was convicted of aggravated robbery in the Criminal District Court Number Four of Tarrant County, Texas, Case No. 25300, and was sentenced to ninety-nine years' confinement.  (Petition at 2.)  In May 2003, Carlson was released on parole.  (Parole R. at 15.) While on release, Carlson committed certain alleged violations of the conditions of his parole, and, as a result, a pre-revocation warrant was issued for his arrest.  (*Id.* at 1, 10.)  The specific allegations were that Carlson had committed a new criminal offense, failure to ID, in Arizona in July 2005, was in the state of Arizona without written permission, and absconded from his assigned halfway house facility in May 2005.  (*Id.* at 2.)  A revocation hearing was conducted at the Bryd Unit in Huntsville, Texas, on August 29, 2005, during which Carlson admitted to the alleged violations.  (*Id.* at 2.) Based on Carlson's admission in conjunction with witness affidavits and documentary exhibits, the hearing officer recommended that Carlson's parole be revoked.  (*Id.* at 4-9.)  In accordance with this recommendation, the Texas Board of Pardons and Paroles (the Board) revoked Carlson's parole on September 7, 2005.  (*Id.* at 2.)  Carlson filed a state habeas application challenging his parole revocation, which was denied without written order on February 1, 2006.  *Ex parte Carlson*, Application No. WR-13,319-08, at cover.  Carlson filed this petition on March 21, 2006.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (providing pro se habeas petition filed when petition is delivered to prison authorities for mailing).  Dretke has filed an answer with documentary exhibits, to which Carlson did not reply.

## D. Issues

Carlson claims that (1) he was denied the right to confront and cross-examine adverse witnesses during the revocation hearing, (2) the mitigating circumstances weighed heavily against

revocation and were disregarded by the hearing officer and the Board, and (3) he was accorded unequal, unfair and disparate treatment in violation of the Fourteenth Amendment. (Petition at 7.)

## E. RULE 5 STATEMENT

Dretke believes that Carlson has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b). (Resp't Answer at 3.)

## F. DISCUSSION

### 1. Standard of Review

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court

shall be presumed to be correct.  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions.  *Valdez v. Cockrell*, 274, F.3d 941, 948 (5th Cir. 2001).  The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as the court did here, it is an adjudication on the merits, which is entitled to this presumption.  *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

*2.  Right to Confront and Cross-Examine Adverse Witnesses*

Carlson claims he was denied his right to confront and cross-examine his parole officer, Kim Holton, although he had requested, in writing, that the officer be present for the revocation hearing. (Petition at 7; Pet'r Memorandum of Law at 7B.)  Among a parolee's due process rights in a parole revocation hearing is the right to confront and cross-examine adverse witnesses, unless the hearing officer specifically finds good cause for not allowing confrontation.  *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).  The parole records reflect that Carlson objected to the introduction of Holton's affidavit, however, the hearing officer overruled the objection on the grounds that Carlson had admitted to all the alleged violations and, thus, Holton was deemed a non-essential witness. (Parole R. at 5.)  Carlson's admission was good cause for denying his objection to Holton's affidavit and was sufficient to support the revocation.  A federal court may not grant habeas relief unless the error at issue had substantial and injurious effect or influence in determining the proceeding's outcome.  *See Williams v. Johnson*, 171 F.3d 300, 307 (1999).  Any error resulting from Carlson's inability to have Holton present was harmless.

4

*3. Mitigating Circumstances*

Carlson claims the mitigating circumstances of his situation weighed heavily against revocation and were disregarded by the hearing officer and the Board.  According to Carlson, (1) he was experiencing emotional and psychological problems after suffering the horror of a prison rape, (2) he was having difficulty dealing with the murder of his beloved sister, (3) he was extremely depressed and despondent and on the verge of suicide, (4) he was struggling in finding decent employment, (5) he was crying out for help but no one would listen, (6)  his parole officer refused to help him get the counseling and treatment he needed, and (7) out of fear and desperation, he left the halfway house and returned home to Arizona.

The due process rights of a parolee facing revocation also include the right to present mitigation evidence when he has admitted the violation for which parole is revoked.  *See Morrissey*, 408 U.S. at 488-89; *Williams v. Johnson*, 171 F.3d 300, 305 (5th Cir. 1999).  During the revocation hearing, the hearing officer permitted Carlson the opportunity to give live testimony and accepted his written statement regarding the above mitigation factors into evidence.  (*Id.* at 6, 27-28.)  Thus, Carlson received all the due process he was entitled.  The weight to be given mitigation evidence is within the discretion of the hearing officer and the Board.  This court cannot re-weigh the hearing officer's or the Board's assessment of the evidence.  *See Maddox v. U.S. Parole Com'n*, 821 F.2d 997999-1000 (5th Cir. 1987).

*4. Equal Protection*

Carlson claims he received unequal, unfair and disparate treatment accorded to all of the other parole violators who absconded from the halfway house and either continued on supervision and were placed back in the halfway house or placed in an intermediate sanction facility.  (Petition

5

at 7; Pet'r Memorandum of Law at 7C.)  Carlson provides no proof of his assertion under this claim.

Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere

assertions on a critical issue in his pro se petition to be of probative evidentiary value.  *Armstead v.*

*Scott*,  37 F.3d 202, 210 (5th Cir. 1994); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Carlson has not shown that the state court's rejection of his claims was contrary to or

involved an unreasonable application of clearly established precedent or resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence presented in the

state court.

## II.  RECOMMENDATION

It is therefore recommended that Carlson's petition for writ of habeas corpus be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within ten (10) days after the party has been

served with a copy of this document.  The court is extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation until July 7, 2006.  The United States District Judge need only make a *de novo*

determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. §

636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 7, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 16, 2006.


  /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE